

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Darren R. Vasaturo,                        )
                                           )
        Plaintiff,                         )
                                           )        Case: 1:15-mc-01168
            v.                             )        Assigned To : Unassigned
                                           )        Assign. Date : 8/31/2015
Sasha Peterka *et al.*,                    )        Description: Miscellaneous
                                           )
        Defendants.                        )
_____        )

ORDER DENYING *IN FORMA PAUPERIS* REQUEST

Plaintiff Darren R. Vasaturo has submitted to the Clerk of Court a complaint and an application to proceed *in forma pauperis* ("IFP"). Parties instituting a civil action are required to pay the applicable filing fee unless granted IFP status. *See* 28 U.S.C. §§ 1914, 1915. Whether to permit or deny an application to proceed IFP is within the sound discretion of the Court. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir.), *cert. denied*, 488 U.S. 941 (1988); *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir.), *cert. denied*, 375 U.S. 845 (1963). "[C]ourts will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess." *Schneller v. Prospect Park Nursing and Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, *1 (E.D. Pa. Apr. 18, 2006), *appeal dismissed*, 2006 WL 3038596 (3d Cir. Oct. 26, 2006).

An individual need not "be absolutely destitute to enjoy the benefit of the [IFP] statute." *McKelton v. Bruno*, 428 F.2d 718, 719 (D.C. Cir. 1970) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). But a party should demonstrate that because of poverty, the

party cannot "pay or give security for the costs . . . and still be able to provide [for] the necessities of life." *Id.* at 719-20 (internal quotation marks omitted).

Plaintiff is employed earning more than $74,000 annually. Plaintiff states that he lives modestly and lists no extraordinary debt or expenses beyond his control. The court finds that plaintiff has not made the requisite showing to proceed IFP.[1]

Accordingly, it is

ORDERED that plaintiff's application to proceed *in forma pauperis* is DENIED, and this miscellaneous action is closed. Plaintiff may resubmit the complaint with the $400 filing fee applicable to civil actions lodged in this court.

DATE: August **31** , 2015

_____
United States District Judge

---

[1]    Plaintiff states that "it is not the $400 filing fee that poses a potential hardship to me" but rather the "untenable costs associated with the need to issue summons to the numerous Defendants being sued in their respective capacity as individuals[.]" IFP Mot. at 3. But the Clerk of Court issues the completed summonses upon receiving the filing fee for the case and returns them to plaintiff to effect service of process in accordance with Fed. R. Civ. P. 4. To the extent that plaintiff wants the court officers to assist with tracking down the numerous defendants he indicates in the complaint's caption he cannot locate, the privilege of IFP status confers no entitlement to assistance beyond issuance and service of process upon the defendants at the addresses plaintiff must provide. *See* 28 U.S.C. § 1915(d); *Brown v. Wachovia Bank*, 244 F.R.D. 16, 19 (D.D.C. 2007) ("A district court has no duty to assist a plaintiff in locating a defendant's address for the purpose of service of process.") (citing *Barmes v. Nolan*, 123 Fed.Appx. 238, 239 (7th Cir. 2005)).

2